FILED IN CHAMBERS
U.S.D.C. Atlanta

MAR 19 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RODERICK BROWN, | : | MOTION TO VACATE |
| BOP No. 54662-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:10-CV-666-CC-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:03-CR-209-2-CC-ECS |

## INTERIM REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on the host of collateral motions and other filings [Doc. Nos. 183, 187, 188, 190, 191, 192, 193, 195, 196, 198, 200, 201, 202, 206, 209, 210] that Roderick Brown has submitted in connection with his second motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [Doc. No. 182]. To clear the way for subsequent resolution of Brown's underlying § 2255 motion, the undersigned recommends that this Court resolve Brown's collateral motions as set forth below.

As a preliminary matter and to provide context, however, it is worth first summarizing this case's procedural history and Brown's many filings. As Brown himself states, "[t]his is a highly unusual case[, and the] procedural history of this case is lengthy and complex." [Doc. No. 188 at 3; see also Doc. No. 193 at 1 (same)].

In 2004, Brown pled guilty to serious drug and firearms offenses. [Doc. No. 65]. He is now serving a 180-month sentence. [See Doc. Nos. 72, 169]. Disappointed by the length of his sentence

AO 72A
(Rev.8/82)

and his counsel's failure to file an appeal, Brown filed a § 2255 motion. [Doc. No. 93]. In connection with that first § 2255 motion, Brown submitted eight additional motions and supplements. [Doc. Nos. 96, 97, 100, 101, 102, 103, 104, 105].

The Honorable Clarence Cooper initially denied Brown's § 2255 motion. [Doc. No. 106]. After Brown appealed [Doc. No. 109], he submitted five more motions and supplements [Doc. Nos. 108, 110, 115, 120, 121]. The United States then moved that Brown's appeal be stayed pending the outcome of an evidentiary hearing in this Court. [Doc. No. 124]. On the same day, Judge Cooper and the United States Court of Appeals for the Eleventh Circuit each granted that motion and stay. [Doc. Nos. 126, 127]. The Eleventh Circuit then remanded the case in full to Judge Cooper. [Doc. No. 129].

The undersigned appointed counsel to represent Brown. [Doc. No. 135]. An evidentiary hearing was held in July 2007. [See Doc. No. 139]. Displeased with the pace of proceedings, Brown filed a petition for a writ of mandamus in the Eleventh Circuit, demanding an immediate decision on his § 2255 motion. The Eleventh Circuit denied Brown's mandamus petition. [Doc. Nos. 146, 147].

In 2008, after finding that Brown's trial counsel provided ineffective assistance by failing to file a notice of appeal, Judge Cooper granted Brown's § 2255 motion and reimposed Brown's sentence, permitting him to file an out-of-time appeal. [Doc. Nos.

2

AO 72A
(Rev.8/82)

149, 152, 169]. Brown appealed and sought bond pending appeal, which was denied. [Doc. Nos. 151, 158, 176]. In December 2009, the United States Court of Appeals for the Eleventh Circuit denied Brown's direct appeal. [Doc. No. 181].

Although Brown is a federal inmate serving a federal sentence, he also filed a habeas corpus petition under 28 U.S.C. § 2254, naming the State of Georgia as the respondent. See Brown v. Georgia, No. 1:09-CV-3703-ODE (N.D. Ga. closed Mar. 8, 2010). Noting that Brown was again attacking his federal sentence, the Honorable Orinda D. Evans offered him the opportunity either to withdraw his § 2254 petition or to have it recharacterized as a § 2255 motion. Brown elected the latter course and amended his filing to add additional claims. That amended pleading was then filed in this case as Brown's present (and second) § 2255 motion. Id.

In the meantime, Brown also sought to attack his federal sentence in a civil rights action by suing the Assistant United States Attorney who had prosecuted him. See Brown v. Alley, No. 1:10-CV-3198-ODE (N.D. Ga. dismissed Oct. 29, 2010). Judge Evans dismissed that suit in light of Brown's earlier filed § 2255 motion. Id. This case was referred back to the undersigned in August, 2011. [Doc. No. 203].

AO 72A
(Rev.8/82)

Since filing his thirty-five page § 2255 motion [Doc. No. 182] in this case, Brown has also submitted:

- an eighty-four page "Motion to Expand the Record" [Doc. No. 183], which was granted [Doc. No. 184];

- a nineteen-page "Reply to the Government's Response and Request to Expedite the Habeas Proceedings Due to the Government's Failure to Respond to the Issues" [Doc. Nos. 187, 188];

- a five-page memorandum of "Supplemental Authority for Defendant's 28 U.S.C. § 2255" [Doc. No. 190];

- a ten-page "Motion for Leave to Conduct Discovery Pursuant to 28 U.S.C. § 2255, Rule 6" [Doc. No. 191];

- an eight-page "Emergency Motion to Strike Defendant's Request for a Hearing and to Grant Judgment as a Matter of Law" [Doc. No. 192];

- a ten-page "Motion for Bond Pending Appeal" [Doc. No. 193];

- a six-page "Reply to the Government's Response In Opposition to Defendant's Motion for Bond Pending Appeal" [Doc. No. 195];

- a three-page "Notice of Supplemental Authority in Support of Defendant's Motion for Bond Pending Disposition of His 28 U.S.C. § 2255 Petition" [Doc. No. 196];

- a ten-page "Request for a Prompt Evidentiary Hearing in Accordance with Rule 8 of the Rules Governing Section 2255 Proceedings" [Doc. No. 198];

- a ten-page "Affidavit in Support of Disqualification Pursuant to 28 U.S.C. § 144" [Doc. No. 200];

- a seven-page "Motion for Recusal Pursuant to 28 U.S.C. § 144 and § 455" of Judge Cooper [Doc. No. 202];

- an eight-page "Emergency Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56" [Doc. No. 206]; and

- a ten-page "Official File Complaint Regarding the Court's Handling of this Case, and Defendant's Third Request for a Decision on His § 2255 Motion and Motion for Bond Pending Disposition of His Appeal" [Doc. Nos. 209, 210].

In the meantime, Brown also filed a second petition for a writ of mandamus in the Eleventh Circuit and demanded expedited review there. The Eleventh Circuit denied both Brown's petition and his demand for expedited review. [Doc. No. 205]. Brown moved for reconsideration, and the Eleventh Circuit denied that motion as well. [Doc. No. 208].

In denying Brown's petition for a writ of mandamus and expedited consideration of his case, the Eleventh Circuit noted that Brown has "likely contributed to the delay by filing several motions in the district court subsequent to his reply" [Doc. No. 199 at 2] and also noted that his litigation positions have sometimes been diametrically opposed to one another, including, for example, with respect to whether an evidentiary hearing is required [Doc. No. 197 at 3 ("Although Brown requested in his § 2255 motion that the district court hold a prompt evidentiary hearing, he later moved the district court to strike that request"). Those observations are

5

entirely accurate. Brown's continuing stream of new motions and "supplemental" filings, and his repeated change of position with respect to whether an evidentiary hearing is required, have been significant impediments to the resolution of his underlying § 2255 motion. As noted above, to clear the way for resolution of Brown's underlying § 2255 motion, the undersigned recommends that his manifold collateral motions now be resolved as follows:

Brown's most recent filing states that (1) "[t]he time for delays [sic] is past," (2) he "fails to see how further delays and continued, prolonged proceedings will serve the cause of justice," and (3) "this Court must rule . . ." by "summary judgment" [Doc. No. 210 at 5-6]. Brown further states that his "submitted exhibits" already provide a complete record regarding the material issues in his § 2255 motion. [Id. at 4]. The Eleventh Circuit has noted, implicitly, that § 2255 movants may waive evidentiary hearings by withdrawing their requests to have them. See, e.g., United States v. Bushert, 997 F.2d 1343, 1346 (11th Cir. 1993). In light of Brown's recent contentions that the record is complete enough for a decision and in light of Brown's earlier "Emergency Motion to Strike Defendant's Request for a Hearing and to Grant Judgment as a Matter of Law" [Doc. No. 192], the undersigned **RECOMMENDS** that **NO EVIDENTIARY HEARING BE HELD**. The undersigned further **RECOMMENDS** that those filings submitted by Brown in which he asks that no

6

evidentiary hearing be held [Doc. Nos. 192, 210, 211] be **GRANTED** to that extent, and that those filings submitted by Brown in which he demands that an evidentiary hearing be held [Doc. Nos. 182, 198] be **DENIED** to that extent.

Because an evidentiary hearing is not required, per Brown's request and per the discussion above, and because Brown has averred that he has already submitted all the information this Court needs to rule on his § 2255 motion, the undersigned **RECOMMENDS** that Brown's "Motion for Leave to Conduct Discovery Pursuant to 28 U.S.C. § 2255, Rule 6" [Doc. No. 191] be **DENIED**.

The undersigned **RECOMMENDS** that Brown's "Reply to the Government's Response and Request to Expedite the Habeas Proceedings Due to the Government's Failure to Respond to the Issues" [Doc. No. 188] be **GRANTED** to the extent that this Court consider and resolve his § 2255 motion in due course, after his collateral motions are first resolved.

The undersigned **RECOMMENDS** that to the extent Brown moves for "judgment as a matter of law" or "summary judgment" in certain of his filings [Docs. No. 192, 206, 210] that those motions be **DENIED WITHOUT PREJUDICE** at this stage because this Court will separately address in due course the substantive issues in Brown's § 2255 motion.

7

In his request for release on bond, Brown cites statutory provisions that permit the grant of bond pending trial, 18 U.S.C. § 3142, and pending a sentencing hearing or a direct appeal, 18 U.S.C. § 3143. Brown's trial and direct appeal, however, have been concluded, and he is now collaterally attacking his sentence under 28 U.S.C. § 2255. Therefore, §§ 3142 and 3143 are inapplicable. See United States v. Jennings, 202 F. App'x 650, 650 (4th Cir. 2006). Absent the identification of any authority permitting Brown's release on bond while his collateral attack under § 2255 on his sentence is pending, the undersigned **RECOMMENDS** that Brown's "Motion for Bond Pending Appeal" [Doc. No. 193] be **DENIED**.

Finally, the undersigned **RECOMMENDS** that Brown's "Motion For Recusal Pursuant to 28 U.S.C. § 144 and § 455" [Doc. No. 202], which demands that Judge Cooper step aside, be **DENIED**. Judge Cooper has presided over Brown's federal criminal case since it was initiated in 2003.[1] Obviously, Brown's § 144 affidavit, filed eight years later in 2011, is untimely. See Lawal v. RTM, 260 F. App'x 149, 152 (11th Cir. 2006). And § 455 requires recusal only (A) in certain specified circumstances, none of which is applicable here, or

---

[1] Exhibits submitted by Brown indicate that Judge Cooper, being appointed to the federal bench, presided as well over state court criminal proceedings against Brown in 1986 and 1987. [Doc. No. 200]. The docket reveals no request for recusal in 2003 when Judge Cooper was first designated to handle Brown's federal criminal case.

8

(B) where a judge's impartiality might reasonably be questioned. Brown does not allege that Judge Cooper has dealt with him in any extrajudicial capacity. See Liteky v. United States, 510 U.S. 540, passim (1994) (discussing the "extrajudicial source" doctrine as it applies to § 455). And the Supreme Court has held that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. Because Brown complains only that Judge Cooper has not rendered a decision in his favor as rapidly as Brown has demanded [Doc. Nos. 200, 202], no "objective, disinterested, lay observer fully informed of the facts on which recusal was sought would entertain a significant doubt about the . . . impartiality," United States v. Chandler, 996 F.2d 1073, 1104 (11th Cir. 1993), of Judge Cooper. Accordingly, recusal is not required in this case.

Once this Court has resolved Brown's collateral motions, this case will be "all over but the deciding," Martel v. Clair, No. 10-1265, 2012 U.S. LEXIS 1997, *33 (Mar. 5, 2012), and Brown's § 2255 motion will be ripe for resolution. In these circumstances, it is appropriate to bring an end the submission of further motions and "supplemental" filings by the parties. Id. at *32-33.

AO 72A
(Rev.8/82)

Accordingly, all parties are **ORDERED** to refrain from submitting any additional filings without first requesting and receiving permission from this Court, except for (A) their objections, if any, to this Interim Report and Recommendation, which must be filed within the time period specified in the accompanying Order for Service, and (B) their objections, if any, to any subsequent Report and Recommendation, which must be filed within the time period specified in the related Order for Service.

The Clerk is **DIRECTED** to resubmit this case to the undersigned for a Final Report and Recommendation with respect to Brown's § 2255 motion after the Court has reviewed and acted upon this Interim Report and Recommendation and the parties' objections, if any.

**SO RECOMMENDED, ORDERED, AND DIRECTED**, this 15th day of March, 2012.

_____
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)